UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BOYKINS,

    Plaintiff,

v.

CHERI L. BORDEAU, JOSHUA
A. BUSKIRK, SUSAN B. McCAULEY,
and BELL,

    Defendants.

Case No.  20-13197
District Judge Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR REOPENING OF DISCOVERY
### AND
### DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF COUNSEL (ECF No. 39)

I.    Introduction

This is a prisoner civil rights case.  Plaintiff Brian Boykins (Boykins), proceeding *pro se*, is incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. Boykins's claims arise from events occurring in 2017 and 2018 at the Saginaw Correctional Facility (SCF).  (ECF No. 1).  He asserts that he was wrongfully denied a bottom bunk medical accommodation, resulting in a fall and sustained injuries.  (*Id*.).  He also asserts that he was retaliated against for filing grievances regarding the bunk accommodation.  (*Id*.).  Defendants are Cheri

1

L. Bordeau, Joshua A. Buskirk, Susan B. McCauley, and Bell.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF Nos. 16, 26).

Before the Court is Boykins' motion to reopen discovery and request for the appointment of counsel (ECF No. 39), to which Buskirk has filed a response (ECF No. 41).  For the reasons that follow, Boykins' motion to reopen discovery will be denied and his request for counsel will be denied without prejudice.

## II.   Background

Boykins filed this lawsuit on November 25, 2020.  (ECF No. 1).  Defendants Tom Winn and Corizon Medical, Inc. were summarily dismissed for failure to state a claim.  (ECF No. 5).  The case was stayed and proceeded through the *pro se* prisoner early mediation program without resolution.  After the stay was lifted, the undersigned issued a scheduling order on January 7, 2022, setting the discovery cut-off date as April 15, 2022 and dispositive motions due by May 16, 2022.  (ECF No. 25).

Boykins alleges that he served discovery requests on Bordeau, McCauley, and Bell (the MDOC Defendants) that were received on April 6, 2022, and discovery requests to Buskirk that were received on April 12, 2022.  (ECF No. 39, PageID.486).  Buskirk does not dispute receiving his discovery requests on April 12, 2022, and on April 26 he served his objections to those requests to Boykins.

(ECF Nos. 41, 41-1). In his objections, Buskirk explained to Boykins that the date discovery was received did not allow sufficient time to respond prior to the cut off, citing Federal Rule of Civil Procedure 34 which allows for 30 days to respond after being served. (*Id*).

On May 13, 2022, Buskirk filed a motion for summary judgment. (ECF No. 30). The MDOC Defendants filed a separate motion for summary judgment on May 16, 2022. (ECF No. 34). Boykins filed a response to both motions on June 21, 2022 (ECF No. 37) and a sur-reply to Buskirk's motion on July 26, 2022. (ECF No. 40).

On July 8, 2022, Boykins filed the instant motion. He argues that he believed the discovery cut-off date was the date by which service of discovery was required, while Buskirk argues that Boykins is not entitled to relief because he did not diligently pursue discovery in this matter, nor did he pursue his request to amend the scheduling order with diligence, as it could have been filed beginning in late April after Boykins received defendants' objections to his untimely discovery requests. He also requests that counsel be appointed due to "exceptional circumstances."

III. Discussion

A. Reopen Discovery

1. Legal Standard

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* The Sixth Circuit considers the following factors to determine whether to grant additional time for discovery: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to discovery requests." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) (citation omitted). "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id*.

When moving for an extension of any court ordered time period, a movant must show good cause for the extension. Fed. R. Civ. P. 6(b)(1). If that time period has already expired, the movant must show that they "failed to act because of excusable neglect." *Id*.

> The movant first must demonstrate that his failure to meet the deadline was a case of neglect. Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness. Second, the movant must establish that the failure to act was

4

excusable. The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (internal citations and quotation marks omitted.

### 2. Application

The Court agrees with Buskirk that Boykins has not shown good cause for his delay in serving discovery, or his delay in filing the instant motion. As for his discovery requests to defendants that were made in April 2022, Boykins has not shown that the subjects of these requests were not known to him earlier. Upon examination of his discovery requests to Buskirk, the topics at hand are contained in the complaint and would have been known to Boykins at the time he brought his case. *See* ECF No. 41-1.

As for the filing of his motion, Boykins knew on April 26, 2022 that Buskirk did not respond because the requests were submitted too close to the cut-off date. *Id*. There is no reason that Boykins should have waited until July 2022, after the filing of two dispositive motions by defendants, to request further time for discovery.

5

Boykins argues that he is not afforded enough time in the law library, but his ability to serve the discovery requests at hand, file responses to defendants' dispositive motions, and file the present motion belie that claim. Even if Boykins had established good cause to extend discovery upon discovering that it must be served with time for the party to respond withing the discovery window, he has not provided good cause for sitting on the issue for over two months before requesting that discovery be reopened.[1]

Even if Boykins could show good cause, the undersigned would still find that excusable neglect has not been shown for filing this motion months after knowing of the issue. There certainly was neglect, and Boykins' delay appears to have been accidental and premised upon a misunderstanding of the Rules. However, the factors governing whether this neglect was excusable weigh heavily against Boykins. Because this motion was filed so late, after the full briefing of two dispositive motions from different defendants, "the length of delay and its impact on judicial proceedings" is great. *See Turner*, at 650. The danger of prejudice is also high, as new information being provided to Boykins may result in parties requesting additional briefing on motions that are already fully briefed. *Id*.

---

[1] Boykins' belief that discovery need only be served by the cut-off date is not reasonable. Dispositive motions were due to be filed 30 days after the close of discovery. Under Boykins' interpretation, there would be no time for a party to incorporate discovery responses into its motion.

6

Further, Boykins does not adequately explain his reason for delay. *Id*. He states that his law library time was greatly limited from January 2022 to March 14, 2022. (ECF No. 39, PageID.487). But he says nothing regarding his ability to have made this request in late April, May, or even June. Thus, Boykins has failed to show excusable neglect in requesting the scheduling order be amended after the close of discovery.

B.   Appointment of Counsel

Boykins also requests appointment of counsel, which defendants do not address. Boykins cites not having access to the electronic law library and having very limited access to the physical law library as reasons that he requires counsel. He also notes his inability to obtain evidence through discovery, including depositions, interrogatory responses, and documents.

1.   Legal Standard

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavada v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).

7

2. Application

Boykins has not alleged a unique or exceptional need for counsel at this time. An "exceptional circumstance" is something "beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness." *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017). Boykins' inability to conduct depositions and question witnesses has not been demonstrated; he has not shown that he has requested or been denied any depositions. His inability to get discovery responses at this time stems from the fact that discovery has closed and he did not serve discovery requests in a timely fashion. Appointing him counsel now would not remedy this situation or allow him to conduct depositions.

Boykins has not stated any other reason that he is unable to litigate this matter, and he has in fact responded to both motions for summary judgment that have been filed by defendants. As such, there is no cause to appoint Boykins counsel at this time. Should Boykins' case survive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time. Accordingly, his motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

IV. Conclusion

For the reasons stated above, Boykins' motion to reopen discovery is DENIED and his request for the appointment of counsel is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: August 10, 2022  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2022.

s/Carolyn M. Ciesla  
CAROLYN M. CIESLA  
Case Manager