UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BOYKINS,

    Plaintiff,

v.

TOM WINN et al.,

    Defendants.

Case No. 20-13197
Honorable Shalina D. Kumar
Magistrate Kimberly G. Altman

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 45) AND ADOPTING REPORT AND RECOMMENDATION (ECF NO. 43), GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 30, 34), AND DISMISSING PLAINTIFF'S COMPLAINT (ECF NO.1)**

## I.   Introduction

*Pro se* plaintiff Brian Boykins filed this action against defendants Tom Winn, Joshua A. Buskirk, Cheri L. Bordeau, Susan B. McCauley, Ervin Bell, and Corizon Medical, Inc. (Corizon).[1] He alleges Buskirk, Bordeau and McCauley were deliberately indifferent to his serious medical needs by denying him a bottom bunk accommodation, which led to him falling from the top bunk and injuring his wrist. ECF No. 1. He also claims McCauley

---

[1] Winn and Corizon were previously dismissed from the action. ECF No. 5.

Page **1** of **9**

and Bell retaliated against him for filing grievances regarding the bunk accommodation. *Id.*

This matter was referred for all pretrial matters to the assigned magistrate judge. ECF No. 16. The magistrate judge issued a report and recommendation (R&R) recommending that the motions for summary judgment filed by Buskirk (ECF No. 30) and by Bordeau, McCauley and Bell, collectively the MDOC defendants, (ECF No. 34) be granted. ECF No. 43. At the conclusion of the R&R, the magistrate judge notified the parties that they must file any objections to the R&R within fourteen days. *Id.* Boykins timely filed objections to the R&R; Buskirk and the MDOC defendants filed responses to Boykins' objections. ECF Nos. 45, 48, 49.

## II.     Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the

R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

### III. Objections

#### A. Deliberate Indifference

1. Bordeau and McCauley

Boykins' first three objections address the R&R's findings regarding Bordeau and McCauley's knowledge and disregard for his request for bottom bunk accommodations and the substantial risk of serious harm that could follow from Boykins' placement in a top bunk. ECF No. 45. Boykins'

first objection argues that the magistrate judge erred by relying on the Step I grievance response that his bottom bunk accommodation was discontinued in October 2015. *Id*. at PageID.551-52. Boykins argues in his second objection that the magistrate judge erred in finding no evidence that Bordeau knew of his former accommodation. *Id*. at PageID.552-53. His third objection contests the magistrate judge's finding that he presented no evidence that he communicated his concerns about a bottom bunk to McCauley. *Id*. at PageID.553-55. Boykins argues that McCauley was aware of Boykins' bottom bunk issue in August or September of 2017 and attaches a Medical Services Advisory Committee's list of guidelines for bottom bunk assignment. *Id*. at PageID.565.

Aside from finding no evidence that either Bordeau or McCauley knew of a prior bottom bunk accommodation or his request for the reinstatement of that accommodation, the magistrate judge determined that they were entitled to summary judgment because any indifference on their part was not the proximate cause of Boykins' injury; Boykins met with his provider, Buskirk, who also did not assign him a bottom bunk, after he was screened by Bordeau and allegedly sent a kite to McCauley. ECF No. 43, PageID.533, 535. Boykins does not object to the lack of proximate cause

Page **4** of **9**

finding. Thus, even if Boykins' objections relating to Bordeau and McCauley's knowledge of former accommodations and Boykins' medical conditions and needs were sustained, the magistrate judge's conclusion that indifference on the part of Bordeau and McCauley did not cause Boykins' injury would still require summary judgment in their favor. *See Westmoreland v. Butler Cty.*, 24 F.4th 721, 729 (6th Cir. 2022). Objections one through three are immaterial to the overall determination and are thus overruled.

2. Buskirk

Boykins' next objections (numbers four through seven) address the R&R's findings related to Buskirk's alleged deliberate indifference toward Boykins' need for a bottom bunk accommodation. ECF No. 45, PageID.555-58. Boykins' fourth objection argues that the magistrate judge erred in determining that his diagnosed medical conditions did not create an objective medical need for a bottom bunk accommodation. *Id.* at PageID.555-56. To support this objection, Boykins attaches an undated, untitled form purportedly setting forth guidelines for bottom bunk accommodations from the Medical Services Advisory Committee (MSAC). *Id*. at PageID.565. The form does list abnormal blood clotting as a result of

disease or medical therapy as a qualifying condition for a bottom bunk assignment, but it also specifically states in bold print: "**NOTE: These are just guidelines; whether or not a bottom bunk is medically necessary is a decision the provider must make....[J]ust because a prisoner may have one of these conditions, they are not necessarily required to have a bottom bunk detail.**" *Id*. This evidence does not support Boykins' argument that his condition objectively mandated a bottom bunk assignment. The MSAC guidelines reinforce that whether a bottom bunk designation is necessary rests within the judgment of the provider. Boykins supplied no evidence to the magistrate judge to establish that his conditions objectively mandated a bottom bunk designation.  Boykins' fourth objection is overruled.

Boykins' fifth objection disputes the magistrate judge's finding that Buskirk's belief that his care was appropriate for Boykins' medical history, symptoms, and complaints undermines the subjective component of Boykins' deliberate indifference claim against Buskirk. Boykins argues that any reasonable mind would infer the risk of further injury posed by climbing to a top bunk with his medical conditions. *Id*. at PageID.556-57. This argument is essentially a reformulated challenge of Buskirk's judgment

regarding the appropriateness of Boykins' care. Disagreement over the adequacy of a prisoner's medical care is not sufficient to sustain a deliberate indifference claim. *Richmond v. Huq*, 885 F.3d 928, 939 (6th Cir. 2018). Indeed, courts are "generally reluctant to second guess medical judgments" in response to claims that the prisoner's medical care was merely inadequate. *Id*. (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The Court declines Boykins' request to do just that. His fifth objection is thus overruled.

Boykins next objects to the magistrate judge's finding that his treatment records did not show complaints or assessments for lower back pain before his fall from the top bunk. ECF No. 45, PageID.557. To refute the conclusion that Buskirk was not aware of Boykins' lower back condition, Boykins attaches court records regarding the 1999 automobile accident from which he sustained his lower back injury. Boykins does not contend that these records were a part of his medical records, or that Buskirk was otherwise aware of them. Accordingly, they are not probative of Buskirk's knowledge of his lower back condition. Boykins' sixth objection is overruled.

Boykins' seventh objection essentially restates his fourth objection. He argues that the fact that his original accommodation had no expiration

date alone required the continuation of the accommodation. *Id*. at PageID.558. The R&R reflects that records attached to the MDOC defendants' motion reveal that Boykins' transfer paperwork include no mention of a bottom bunk accommodation. ECF No. 43, PageID.524 (citing ECF No. 34-2, PageID.356-57). Accordingly, assuming that Boykins' claim was true, and that an earlier accommodation without expiration date would automatically require implementation of that accommodation, there is no evidence that Buskirk was aware of the earlier, un-expired accommodation. Boykins' seventh objection is overruled.

### B. First Amendment Retaliation (McCauley and Bell)

Boykins raises two[2] objections to the magistrate judge's determination and recommendation regarding his First Amendment retaliation claims against McCauley and Bell. ECF No. 45. However, Boykins did not respond to the defendants' motion for summary judgment on these claims. ECF No. 37.

The "jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in

---

[2] Boykins advances nine objections in total; he misnumbers objection nine as objection ten. ECF No. 45, PageID.559.

response to a motion for summary judgment." *Brown v. VHS of Michigan, Inc.,* 545 F. App'x 368, 372 (6th Cir. 2013) (collecting cases); *see also Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) (issues raised for first time in objections to magistrate judge's report are deemed waived). The Court deems Boykins' First Amendment retaliation claims against McCauley and Bell abandoned and the issues raised in objections eight and ten waived. Objections eight and ten are overruled.

## IV. Conclusion

The Court **OVERRULES** Boykins' objections (ECF No. 45) and **ADOPTS** the magistrate judge's R&R. ECF No. 43.

Accordingly,

**IT IS ORDERED** that Buskirk's motion for summary judgment (ECF No. 30) and the MDOC defendants' motion for summary judgment (ECF No. 34) are **GRANTED** and Boykins' complaint (ECF No. 1) is **DISMISSED**.

Dated: March 28, 2023

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge